**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HARWIN BRAXTON CENTRE, INC.,** | § § § | |
| *Plaintiff*, | § § | **CIVIL ACTION NO. _____** |
| v. | § § | |
| **AMGUARD INSURANCE COMPANY, TWFG INSURANCE SERVICES, LLC F/K/A TWFG INSURANCE SERVICES, INC., ALLIED AMERICAN ADJUSTING COMPANY, LLC, VERICLAIM, INC., THOMAS N. SMITH, STEVEN M. HULLMAN, AND PAUL A. PRISLUPSKY** | § § § § § § § § § § § | |
| *Defendants*. | § | |

**DEFENDANTS AMGUARD INSURANCE COMPANY AND PAUL A. PRISLUPSKY'S NOTICE OF REMOVAL**

Notice is hereby given that, under 28 U.S.C. §§ 1332, 1441, and 1446, Defendants AmGUARD Insurance Company and Paul A. Prislupsky (collectively, the "AmGUARD Defendants") remove this action from the 129th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and as grounds for removal state as follows:

### I. STATE COURT ACTION

1.  On July 19, 2019, Plaintiff Harwin Braxton Centre, LLC filed an Original Petition ("Petition") in the 129th Judicial District Court of Harris County, Texas, styled *Harwin Braxton Centre, LLC v. AmGUARD Insurance Company, et al.*, Cause No. 2019-49428 (the "State Court Action").[1]

---

[1] The Petition is contained in Exhibit A as a part of the State Court Action file.

1

2. Plaintiff asserts claims relating to the allegedly improper denial of an insurance claim concerning alleged damage to Plaintiff's property that occurred on or about August 25, 2017.[2] On the basis of these allegations, Plaintiff asserts alleged claims for violations of Chapters 541 and 542 of the Texas Insurance Code, breach of contract, breach of a duty of good faith and fair dealing, fraud, and conspiracy to commit fraud, against various entities and individuals.[3] Plaintiff seeks monetary relief over $1,000,000.[4]

3. Plaintiff asserts claims against the following seven defendants:

    i. AmGUARD Insurance Company
    ii. Paul A. Prislupsky
    iii. VeriClaim, Inc.
    iv. Steven M. Hullman
    v. Allied American Adjusting Company, LLC
    vi. Thomas N. Smith
    vii. TWFG Insurance Services, LLC f/k/a TWFG Insurance Services, Inc.

(collectively, "Defendants").

4. Plaintiff is a Texas corporation with a principal place of business in Texas. The Petition states that none of the Defendants (except for TWFG) are Texas citizens and thus, do not share citizenship with Plaintiff.

5. The Petition pleads that TWFG is a "domestic adjusting company engaged in the

---

[2] Petition, at ¶¶ 20-24.

[3] Petition, at ¶¶ 48-83.

[4] Petition, at ¶ 11.

business of adjusting insurance claims in the State of Texas."[5] The Petition, however, fails to identify any facts particular to TWFG's alleged involvement in this dispute, much less TWFG's purported liability to Plaintiff. The AmGUARD Defendants contend herein that Plaintiff improperly joined TWFG in the State Court Action, and thus, TWFG's purported citizenship should be disregarded for the purposes of determining diversity jurisdiction.

6. With this Notice of Removal, the AmGUARD Defendants remove the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

7. This action is properly removed to this Court because the State Court Action is pending within this district and division (Harris County). 28 U.S.C. §§ 124(b)(2), 1441, 1446(a).

8. This removal is timely because it is filed within thirty days of AmGUARD and Prislupsky being served or otherwise making an appearance in the State Court Action.[6] 28 U.S.C. § 1446(b).

9. For reasons explained below, TWFG is improperly joined in this lawsuit. Consequently, TWFG's consent to removal is not required. *See Getty Oil Corp. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988) (an acknowledgment of consent is not required of a defendant who is improperly joined). All other Defendants properly joined and served, or that have otherwise appeared in the State Court Action, have consented to this removal, as indicated by the "Certificates of Consent" below.[7]

---

[5] Petition, at ¶ 2.

[6] *See* Exhibit A, containing service of process documentation for the AmGUARD Defendants.

[7] Defendant Steven M. Hullman has not been served, or otherwise appeared, in the State Court Action, as of the date of this Notice of Removal. Accordingly, Mr. Hullman's consent to removal is not required. 28 U.S.C. § 1446(b)(2)(A).

10. Under 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

11. Under 28 U.S.C. § 1446(d), the AmGUARD Defendants are contemporaneously with the filing of this Notice of Removal: (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 129th Judicial District Court of Harris County, Texas.

### III.   DIVERSITY JURISDICTION

12. The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as any of the properly joined Defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Further, as shown below, TWFG's citizenship may not be considered for the purpose of determining jurisdiction. And, also as shown below, the amount in controversy requirement is satisfied.

**A.   Diversity of citizenship exists between Plaintiff and all properly joined Defendants.**

13. Plaintiff is a Texas corporation with a principal place of business in Texas.[8] Plaintiff is a Texas citizen for purposes of diversity jurisdiction.[9]

14. AmGUARD is a corporation organized under Pennsylvania law with its principal place of business in Wilkes Barre, Pennsylvania. A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, AmGUARD is a citizen of Pennsylvania for purposes of diversity jurisdiction.

---

[8] Petition, at ¶ 2.

[9] Petition, at ¶ 2.

4

15. Prislupsky is an individual residing and domiciled in Olyphant, Pennsylvania. An individual is a citizen of the state where he is domiciled. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Therefore, Prislupsky is a citizen of Pennsylvania for purposes of diversity jurisdiction.

16. VeriClaim is a corporation organized under Delaware law with its principal place of business in Memphis, Tennessee 38120. Therefore, VeriClaim is a citizen of Delaware and Tennessee for purposes of diversity jurisdiction.

17. Hullman is an individual residing and domiciled in Everett, Washington. Therefore, Hullman is a citizen of Washington for purposes of diversity jurisdiction.

18. Allied is a limited liability company organized in Mobile, Alabama 36616. As a limited liability company, Allied's citizenship for diversity purposes is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). The Alabama Secretary of State lists "Allied Williams Companies Inc." as Allied's only member. The Alabama Secretary of State discloses Allied Williams Companies Inc. as being formed and incorporated in Delaware, and having its registered office in Mobile, Alabama. Therefore, Allied is a citizen of Delaware and Alabama for purposes of diversity jurisdiction. Furthermore, Allied has its principal office and principal place of business in Tampa, Florida 33636. Even if Allied's principal place of business in Florida were considered for citizenship, Allied is still a non-Texas citizen, and thus still considered diverse from Plaintiff in this case.

19. Smith is an individual residing and domiciled in Punta Gorda, Florida. Therefore, Smith is a citizen of Florida for purposes of diversity jurisdiction.

20. Each of these Defendants is a citizen of a different state from Plaintiff.[10]

---

[10] The AmGUARD Defendants do not concede that Plaintiff properly served and joined all of the defendants in the State Court Action. For defendants that have appeared in the State Court Action, the AmGUARD Defendants have sought and received their consents to this removal.

**B.      TWFG is improperly joined in this lawsuit because Plaintiff does not allege a viable claim against it.**

21.     TWFG is improperly joined in this lawsuit, as Plaintiff has not alleged a viable claim against TWFG in the Petition.  A removing party establishes improper joinder by showing that the plaintiff cannot establish a cause of action against the non-diverse defendant under state law.  *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).  This requires the Court to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Id.*; *see also Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 2016 WL 1274030, at *3 (5th Cir. Mar. 31, 2016) (holding that the district court should conduct a "12(b)(6)-type analysis" to determine whether the plaintiff has established a cause of action against a particular defendant).  A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal.  *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

22.     As an initial matter, TWFG is improperly joined because Plaintiff fails to plead sufficient facts to state a claim against TWFG. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief" and fails to state a claim. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

23.     Here, Plaintiff's allegations as to TWFG boil down to the following: (1) AmGUARD purportedly assigned TWFG to adjust Plaintiff's claim under a policy issued by

6

AmGUARD;[11] and (2) TWFG failed to resolve the claim.[12]  Plaintiff does not allege any wrongdoing on the part of TWFG separate and apart from lumping allegations against TWFG together with Plaintiff's allegations against AmGuard, Allied, VeriClaim, Prislupsky, Smith, *and/or* Hullman.  For instance, Plaintiff pleads that "Defendant AmGuard assigned Defendant TWFG *and/or* Allied *and/or* VeriClaim to adjust the claim."[13]

24. Even assuming those allegations apply specifically to TWFG, a third-party adjuster is not a party to the insurance contract.  The Petition does not even allege that TWFG is a party to an insurance contract with Plaintiff.  Accordingly, TWFG had no duty to settle the claim and, absent a duty, cannot be liable for failing to settle the claim.  *See Messersmith v. Nationwide Mut. Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014).

25. Plaintiff follows up with additional hodgepodge statements:

- Para. 32: "Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky set out to deny and/or underpay on properly covered damages."

- Para. 40: "Defendants AmGuard, TWFG, Allied, Smith, Hullman, and Prislupsky refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky failed to conduct a reasonable investigation."

- Para. 46: "Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff."

26. As a matter of law, because TWFG is not a party to the insurance policy, it had no duty to investigate the claim or pay any policy benefits.  *See Lopez v. United Prop. & Cas. Ins.*

---

[11] Petition, at ¶¶ 20, 27.

[12] Petition, at ¶¶ 32, 36-40, 45-46, 56-61, 63-66.

[13] Petition, at ¶ 27 (emphasis added).

*Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016); *Messersmith*, 10 F. Supp. 3d at 724. So, TWFG cannot be liable for failing to do either.

27. That leaves the allegation that TWFG made actionable misrepresentations or nondisclosure. Those allegations must be judged against the heighted pleading standard for fraud. Fed. R. Civ. P. 9(b) (requiring plaintiff to "state with particularity the circumstances constituting fraud or mistake"). The Petition is wholly lacking in such particularities. Plaintiff does not plead any specific facts as to *what* TWFG did, *how* TWFG did it, *when* TWFG did it, or anything specific with respect to TWFG. Accordingly, Plaintiff has not pled any facts against TWFG that would give rise to a plausible claim.

28. This type of pleading continues throughout the Petition. *All* of the allegations against *all* of the Defendants are lumped together in a conclusory fashion. Plaintiff does connect any facts alleged against TWFG to the elements of any claims against TWFG. Instead, Plaintiff points primarily to actions taken by AmGUARD in support of its claims.

29. Plaintiff's failure to explain how *TWFG's* actions were improper and in violation of the various statutes at issue in this lawsuit is fatal to its claims. *See River of Life Assembly of God v. Church Mut. Ins. Co.*, 1:19-CV-49-RP, 2019 WL 1767339, at *4 (W.D. Tex. Apr. 22, 2019) ("Certainly, federal district courts in this circuit have found that an adjuster is improperly joined if the plaintiff merely recites language from the Texas Insurance Code or the DTPA without specifically identifying how the adjuster's conduct violated those statutes.") (citing *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 352 (S.D. Tex. 2017)).

30.     Even if Plaintiff could plausibly plead facts showing that TWFG was an adjuster,[14] "for an adjuster to be held individually liable [under the Texas Insurance Code], they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." *Messersmith*, 10 F. Supp. 3d at 724.  Plaintiff has not pled any facts against TWFG that would show anything other than TWFG's unspecified and tacit connection to AmGUARD's denial of the Plaintiff's claim.  Instead, all of Plaintiff's allegations against TWFG are not specific to TWFG, and are all conclusory.  That is not sufficient to plead a plausible claim under the Texas Insurance Code.  *Id.*

31.     Put another way, such cursory allegations fail to establish "more than a sheer possibility that [TWFG] has acted unlawfully." *See Iqbal*, 556 U.S. at 678. Because Plaintiff's Petition is "armed with nothing more than conclusions" and lacks "sufficient factual matter" as to TWFG, Plaintiff fails to state a claim against TWFG. *Id.* at 678-79. Consequently, TWFG is improperly joined in this lawsuit, and its citizenship cannot be considered for purposes of diversity jurisdiction. *See Larroquette*, 466 F.3d at 376 (5th Cir. 2006).

32.     Because Plaintiff is a citizen of Texas and none of the other properly joined and served Defendants are citizens of Texas, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**D.     The Amount-in-Controversy requirement is satisfied.**

33.     The amount-in-controversy element is also satisfied.  Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional

---

[14] TWFG is identified on the policy, which shows that it was the broker who helped Plaintiff obtain the policy, not an adjuster hired by AmGUARD to investigate the claim.  While the AmGuard Defendants accept the allegations as true for the purposes of determining viability of Plaintiff's claims, but it is notable that the policy reference in the Petition contradicts the entire premise of Plaintiff's claims against TWFG based on TWFG's purported adjusting actions.

amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253. To determine the amount-in-controversy, a court may consider actual damages, exemplary damages, and attorneys' fees. *White*, 319 F.3d at 675–76. A plaintiff's pleading for a specific sum made in good faith is deemed the amount in controversy. 28 U.S.C. § 1446(c)(2).

34. Here, Plaintiff specifically seeks "monetary relief over $1,000,000."[15] Although the AmGUARD Defendants deny that Plaintiff is entitled to any damages or relief, when the requested actual damages, exemplary damages, and attorneys' fees are included in the amount-in-controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

35. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV. REQUEST FOR RELIEF

36. For these reasons, Defendants AmGUARD Insurance Company and Paul A. Prislupsky remove this action from the 129th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[15] Petition, at ¶ 11.

10

>Respectfully submitted,
>
>**LOCKE LORD LLP**
>
>By: /s/ Susan A. Kidwell
>    Susan A. Kidwell
>    skidwell@lockelord.com
>    Texas State Bar No. 24032626
>    S.D. Tex. No. 631211
>      *Attorney-in-Charge*
>    Sagar Patel
>    sagar.patel@lockelord.com
>    Texas State Bar No. 24088195
>    S.D. Tex. No. 615599
>    600 Travis Street, Suite 2800
>    Houston, Texas 77002
>    (713) 226-1200 (Telephone)
>    (713) 223-3717 (Facsimile)
>    ***Attorneys for Defendants AmGuard Insurance Company and Paul A. Prislupsky***

## CERTIFICATES OF CONSENT TO REMOVAL

Defendant VeriClaim, Inc., by and through its counsel, consents to the removal of the State Court Action.

>/s/ Bruce R. Wilkin
>Bruce R. Wilkin
>**SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP**

Defendants Allied American Adjusting Company, LLC and Thomas N. Smith, by and through their counsel, consent to the removal of the State Court Action.

>/s/ Martin S. Schexnayder
>Martin S. Schexnayder
>**WINGET, SPADAFORA & SCHWARTZBERG, LLP**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on August 23, 2019 the following parties or counsel in accordance with the FEDERAL RULES OF CIVIL PROCEDURE:

| | |
|---|---|
| Michael A. Downey<br>**Mostyn Law**<br>maddocketefile@mostynlaw.com<br>State Bar No. 24087445<br>3810 West Alabama Street<br>Houston, Texas 77027<br>Phone: 713-714-0000<br>Fax: 713-714-1111<br><br>*Attorney for Plaintiff*<br>*Harwin Braxton Centre, Inc.* | Martin S. Schexnayder<br>State Bar No. 17745610<br>Famaz Pishgazadeh<br>State Bar No. 24110625<br>**WINGET, SPADAFORA &**<br>**SCHWARTZBERG, LLP**<br>Two Riverway, Suite 725<br>Houston, Texas 77056<br>Telephone: 713-343-9200<br>Facsimile: 713-343-9201<br>Schexnayder.M@wssllp.com<br>Pishgazadeh.F@wssllp.com<br><br>*Attorneys for Defendants Allied*<br>*American Adjusting Company, LLC and*<br>*Thomas N. Smith* |
| Bruce R. Wilkin<br>Texas Bar No. 24053549<br>bwilkin@shackelford.law<br>Tim Redden Jr.<br>State Bar No. 24099654<br>tredden@shackelford.law<br>**Shackelford, Bowen, McKinley &**<br>**Norton, LLP**<br>717 Texas Ave, 27th Floor<br>Houston, Texas 77002<br>Tel: 832-415-1801<br>Fax: 832-415-1095<br><br>*Attorneys for Defendant VeriClaim, Inc.* | |

/s/ Sagar Patel  
Sagar Patel