## <u>EXHIBIT A</u>

This Exhibit A to the Notice of Removal contains and compiles information requested pursuant to Southern District of Texas Local Rule 81 ("**<u>LR 81</u>**"):

1. A list of all counsel of record, including addresses, telephone numbers and parties represented (**LR 81.6**); and

2. Index and State Court Action file containing copies of items requested in **LR 81.1–81.5**.

**A list of all counsel of record, including addresses, telephone numbers and parties represented (LR 81.6):**

- Michael A. Downey
  **MOSTYN LAW**
  maddocketefile@mostynlaw.com
  State Bar No. 24087445
  3810 West Alabama Street
  Houston, Texas 77027
  Phone: 713-714-0000
  Fax: 713-714-1111
  *Attorney for Plaintiff*
  *Harwin Braxton Centre, Inc.*

- Susan A. Kidwell
  skidwell@lockelord.com
  Texas State Bar No. 24032626
  S.D. Tex. No. 631211
  Sagar Patel
  sagar.patel@lockelord.com
  Texas State Bar No. 24088195
  S.D. Tex. No. 615599
  **Locke Lord LLP**
  600 Travis Street, Suite 2800
  Houston, Texas 77002
  (713) 226-1200 (Telephone)
  (713) 223-3717 (Facsimile)
  *Attorneys for Defendants*
  *AmGuard Insurance Company*
  *and Paul A. Prislupsky*

- Bruce R. Wilkin
  Texas Bar No. 24053549
  bwilkin@shackelford.law
  Tim Redden Jr.
  State Bar No. 24099654
  tredden@shackelford.law
  **SHACKELFORD, BOWEN,**
  **MCKINLEY & NORTON, LLP**
  717 Texas Ave, 27th Floor
  Houston, Texas 77002
  Tel: 832-415-1801
  Fax: 832-415-1095
  *Attorneys for Defendant*
  *VeriClaim, Inc.*

- Martin S. Schexnayder
  State Bar No. 17745610
  Schexnayder.M@wssllp.com
  Famaz Pishgazadeh
  Pishgazadeh.F@wssllp.com
  State Bar No. 24110625
  **WINGET, SPADAFORA &**
  **SCHWARTZBERG, LLP**
  Two Riverway, Suite 725
  Houston, Texas 77056
  Telephone: 713-343-9200
  Facsimile: 713-343-9201
  *Attorneys for Defendants Allied*
  *American Adjusting Company,*
  *LLC and Thomas N. Smith*

Office of Harris County District Clerk - Marilyn Burgess

## Chronological Case History

| **Style** | HARWIN BRAXTON CENTRE INC vs. AMGUARD INSURANCE COMPANY | | |
|---|---|---|---|
| **Case Number** | 201949428 | **Case Status** | Active - Civil | **Case Type** | Insurance |
| **File Court** | 129 | **File Date** | 7/19/2019 | **Next Setting** | N/A |

| Date | Type | Description |
|---|---|---|
| N/A | SERVICE | **PERSON SERVED:** HULLMAN, STEVEN M **SERVICE TYPE:** CITATION(NON-RESIDENT) **INSTRUMENT:** SEVERANCE ORDER |
| 7/19/2019 | DOCUMENT | ORIGINAL PETITION **COURT:** 129 **ATTORNEY:** DOWNEY, MICHAEL ANDREW II **PERSON FILING:** HARWIN BRAXTON CENTRE INC |
| 7/24/2019 | SERVICE | **PERSON SERVED:** AMGUARD INSURANCE COMPANY BY SERVING ITS REGISTERED AGENTCT CORPORATION SYSTEM **SERVICE TYPE:** CITATION **INSTRUMENT:** SEVERANCE ORDER |
| 7/24/2019 | SERVICE | **PERSON SERVED:** ALLIED AMERICAN ADJUSTING COMPANY LLC BY SERVING ITS REGISTEREDAGENT CT CORPORATION SYSTEM **SERVICE TYPE:** CITATION **INSTRUMENT:** SEVERANCE ORDER |
| 7/26/2019 | SERVICE | **PERSON SERVED:** TWFG INSURANCE SERVICES LLC (FKA TWFG INSURANCE SERVICES INC) BYSERVING ITS REGISTERED AGENT RICHARD F BUNCH **SERVICE TYPE:** CITATION **INSTRUMENT:** SEVERANCE ORDER |
| 7/26/2019 | SERVICE | **PERSON SERVED:** VERICLAIM INC BY SERVING ITS REGISTERED AGENT CORPORATION SERVICECOMPANY (DBA CSC LAWYERS INC) **SERVICE TYPE:** CITATION **INSTRUMENT:** SEVERANCE ORDER |
| 7/27/2019 | SERVICE | **PERSON SERVED:** PRISLUPSKY, PAUL A **SERVICE TYPE:** CITATION(NON-RESIDENT) **INSTRUMENT:** SEVERANCE ORDER |
| 7/29/2019 | SERVICE | **PERSON SERVED:** SMITH, THOMAS N **SERVICE TYPE:** CITATION(NON-RESIDENT) **INSTRUMENT:** SEVERANCE ORDER |
| 8/16/2019 | ACTIVITY | JURY FEE PAID (TRCP 216) **COURT:** 129 |
| 8/16/2019 | ACTIVITY | JURY FEE PAID (TRCP 216) **COURT:** 129 |
| 8/16/2019 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 129 **ATTORNEY:** WILKIN, BRUCE RAMSEY **PERSON FILING:** VERICLAIM INC |
| 8/19/2019 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 129 **ATTORNEY:** KIDWELL, SUSAN ALLISON **PERSON FILING:** AMGUARD INSURANCE COMPANY |
| 8/19/2019 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 129 **ATTORNEY:** KIDWELL, SUSAN ALLISON **PERSON FILING:** PRISLUPSKY, PAUL A |
| 8/23/2019 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 129 **ATTORNEY:** SCHEXNAYDER, MARTIN SAMUEL **PERSON FILING:** ALLIED AMERICAN ADJUSTING COMPANY LLC |
| 8/23/2019 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 129 **ATTORNEY:** SCHEXNAYDER, MARTIN SAMUEL **PERSON FILING:** SMITH, THOMAS N |

**Harris County Docket Sheet**

# 2019-49428

**COURT:**    129th

**FILED DATE:**  7/19/2019

**CASE TYPE:**    Insurance



---

### HARWIN BRAXTON CENTRE INC

Attorney: DOWNEY, MICHAEL ANDREW II

### vs.

### AMGUARD INSURANCE COMPANY

Attorney: KIDWELL, SUSAN ALLISON

---

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

7/19/2019 5:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35289480
By: Nelson Cuero
Filed: 7/19/2019 5:12 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **HARWIN BRAXTON CENTRE, INC.,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **AMGUARD INSURANCE** | § | |
| **COMPANY, TWFG INSURANCE** | § | |
| **SERVICES, LLC F/K/A TWFG** | § | |
| **INSURANCE SERVICES, INC.,** | § | |
| **ALLIED AMERICAN ADJUSTING** | § | |
| **COMPANY, LLC, VERICLAIM, INC.,** | § | |
| **THOMAS N. SMITH, STEVEN M.** | § | |
| **HULLMAN, AND PAUL A.** | § | |
| **PRISLUPSKY,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Harwin Braxton Centre, Inc. ("Plaintiff"), and files this, *Plaintiff's Original Petition*, complaining of AmGuard Insurance Company ("AmGuard"), TWFG Insurance Services, LLC f/k/a TWFG Insurance Services, Inc. ("TWFG"), Allied American Adjusting Company, LLC ("Allied"), VeriClaim, Inc. ("VeriClaim"), Thomas N. Smith ("Smith"), Steven M. Hullman ("Hullman"), and Paul A. Prislupsky ("Prislupsky") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in

accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.    Plaintiff is a corporation operating and/or owning property in Harris County, Texas.

3.    Defendant AmGuard is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Attorney for Service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

4.    Defendant TWFG is a domestic adjusting company engaged in the business of adjusting insurance claims in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Registered Agent:  Richard F. Bunch, 1201 Lake Woodlands Dr., Suite 4020, The Woodlands, Texas 75201.

5.    Defendant Allied is a foreign adjusting company engaged in the business of adjusting insurance claims in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Registered Agent:  CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

6.    Defendant VeriClaim is a foreign adjusting company engaged in the business of adjusting insurance claims in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Registered Agent:  Corporation Service Company d/b/a CSC Lawyers, Inc. 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7.    Defendant Thomas N. Smith is an individual residing in and domiciled in the State of Florida.  This defendant may be served with personal process by a process server at his place of residence at 306 Klispie Dr., Punta Gorda, Florida 33950.

8.     Defendant Steven M. Hullman is an individual residing in and domiciled in the State of Washington.  This defendant may be served with personal process by a process server at his place of residence at 1028 E. Marine View Dr., Everett, Washington 98201.

9.     Defendant Steven M. Hullman is an individual residing in and domiciled in the State of Washington.  This defendant may be served with personal process by a process server at his place of residence at 1028 E. Marine View Dr., Everett, Washington 98201.

10.    Defendant Paul A. Prislupsky is an individual residing in and domiciled in the State of Washington.  This defendant may be served with personal process by a process server at his place of residence at 829 Spruce St., Olyphant, Pennsylvania 18447.

## JURISDICTION

11.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief monetary relief over $1,000,000.   Plaintiff reserves the right to amend its petition during and/or after the discovery process.

12.    The Court has jurisdiction over Defendant AmGuard because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

13.    The Court has jurisdiction over Defendant TWFG because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

Certified Document Number: 86261963 - Page 3 of 23

14.   The Court has jurisdiction over Defendant Allied because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

15.   The Court has jurisdiction over Defendant VeriClaim because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

16.   The Court has jurisdiction over Defendant Smith because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

17.   The Court has jurisdiction over Defendant Hullman because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

18.   The Court has jurisdiction over Defendant Prislupsky because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

19.   Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

20.   Plaintiff is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by AmGuard.

21.   Plaintiff owns the insured property, which is specifically located at 9824 Harwin Drive, Houston, Texas 77036, in Harris County (hereinafter referred to as "the Property").

Certified Document Number: 86261963 - Page 4 of 23

22.     AmGuard sold the Policy insuring the Property to Plaintiff.

23.     On or about August 25, 2017, Plaintiff's buildings sustained significant damage as a result of the forces of Hurricane Harvey, including the nearby tornadoes spun from the storm.   Hurricane Harvey made landfall on the evening of August 25, 2017, near Rockport, Texas.  Maximum sustained winds in Harvey's eyewall were 130 mph at that time, making it a Category 4 hurricane.  Harvey was the nation's first major hurricane landfall since Hurricane Wilma struck South Florida in October 2005—that is, the strongest one in twelve (12) years.  Rain, including wind-driven rain, was the heaviest from any tropical cyclone in the continental United States.  Harvey's slow-moving path across Southeast Texas caused extensive damage—including that of Houston—with wind, wind-driven rain, and/or other covered perils.

24.     As would be expected in a wind event of this magnitude, Plaintiff's roof sustained extensive damage during the storm.  Water intrusion through the roof caused significant damage throughout the buildings including, but not limited to, the buildings' ceilings, walls, insulation, and flooring.  Plaintiff's buildings also sustained substantial structural and exterior damage during the storm, as well as damage to their HVAC systems.  Furthermore, Plaintiff lost all tenants that had been leasing sapce at the Property prior to Harvey and sustained business income losses in the form of loss rental/lease income for more than twelve (12) months following Harvey.

25.     Immediately after the storm, Plaintiff submitted a claim to AmGuard against the Policy for Loss of Income; Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of Hurricane Harvey.

Certified Document Number: 86261963 - Page 5 of 23

26.     Plaintiff asked that AmGuard cover the cost of repairs, including, but not limited to, repair and/or replacement of the roof and repair of the interior water damage to the Property, as well as repair and/or replacement of the HVAC system, pursuant to the Policy.  Plaintiff also asked AmGuard to cover the business income losses in the form of loss rental/lease income.

27.     Defendant AmGuard assigned Defendant TWFG and/or Allied and/or VeriClaim to adjust the claim.  TWFG and/or Allied and/or VeriClaim and/or AmGuard then assigned Defendants Smith, Hullman, and Prislupsky as the individual adjusters on the claim.  The adjusters assigned to Plaintiff's claim were improperly trained and failed to perform a thorough investigation of Plaintiff's claim.

28.     Specifically, on or about October 2017, the Smith and/or Hullman conducted a substandard inspection of Plaintiff's property.  For example, Smith and/or Hullman had an "eye to deny" Plaintiff's claim and spent an insufficient amount of time inspecting Plaintiff's buildings for Harvey damages, including the time it took to inspect the roofs. Smith and/or Hullman's inadequate investigation was relied upon by Defendants in this action and resulted in Plaintiff's claim being undervalued and underpaid.

29.     Defendant Smith also communicated with Plaintiff numerous times over email from October 2017 to March 2018.  Specifically, on January 30, 2018, almost three (3) months after his inspection, Defendant Smith emailed Plaintiff to inform him that Plaintiff would receive an advance payment and that Smith was awaiting a coverage decision for the interior damages.  On February 27, 2018, after Plaintiff informed Smith he had still not received the advance payment, Defendant Smith apologized for the delay and said he

would follow up.  These communications are further evidence of Defendants' failure to thoroughly adjust Plaintiffs' claim in a timely manner.

30.    Defendant Prislupsky also actively participated in the investigation of Plaintiff's claim, but failed to do a thorough review.  Specifically, he corresponded with Plaintiff regarding its claim in a letter dated March 5, 2018 and/or reviewed reports, documents and information regarding the claim.  Prislupsky's March 5, 2018 letter fails to give Plaintiff a reasonable explanation for the denial of coverage for the damage to Plaintiff's interior. This letter also fails to adequately explain how the damage to the roof is covered, but the damage to the interior is not.  Furthermore, Prislupski misrepresented in this letter that there was no indication that wind, or any other weather event, caused physical damage to Plaintiff's roof.  Ultimately, Prislupski failed to thoroughly review Smith and/or Hullman's assessment of the claim and ultimately approved and/or submitted an inaccurate report of the damages.

31.    As a result of Defendants' unreasonable investigation, Plaintiff was forced to hire the undersigned counsel.  On behalf of Plaintiff, Plaintiff's counsel sent Defendants a notice letter in accordance with Texas Insurance Code Section 542A.003 on April 2, 2019. Counsel also sent a copy of this letter to Plaintiff.

32.    Together, Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation, including the under-scoping of Plaintiff's storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and it was denied adequate and sufficient payment to repair its buildings.  The mishandling of Plaintiff's claim has also caused a

delay in its ability to fully repair its buildings, which has resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which it is entitled under the Policy.

33.    As detailed in the paragraphs below, AmGuard wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, AmGuard underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.   AmGuard also failed to pay Plaintiff's claim for loss of rents and/or business income, even though tenants were unable to occupy the Property for more than twelve (12) months after Harvey.

34.    To date, AmGuard continues to delay in the payment for the damages to the Property.  As such, Plaintiff has not been paid in full for the damages to its buildings.

35.    Defendant AmGuard failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.   AmGuard's conduct constitutes a breach of the insurance contract between AmGuard and Plaintiff.

36.    Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.   Defendants AmGuard's, TWFG's, Allied's, VeriClaim's, Smith's, Hullman's, and Prislupsky's

Certified Document Number: 86261963 - Page 8 of 23

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

37. Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants AmGuard's, TWFG's, Allied's, VeriClaim's, Smith's, Hullman's, and Prislupsky's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

38. Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants AmGuard's, TWFG's, Allied's, VeriClaim's, Smith's, Hullman's, and Prislupsky's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

39. Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky. Defendants AmGuard's, TWFG's, Allied's,

Certified Document Number: 86261963 - Page 9 of 23

VeriClaim's, Smith's, Hullman's, and Prislupsky's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

40.     Defendants AmGuard, TWFG, Allied, Smith, Hullman, and Prislupsky refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky failed to conduct a reasonable investigation.  Specifically, Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.   Defendants AmGuard's, TWFG's, Allied's, VeriClaim's, Smith's, Hullman's, and Prislupsky's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

41.     Defendant AmGuard failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  AmGuard's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

42.     Defendant AmGuard failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  AmGuard's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

43.     Defendant AmGuard failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of

Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for its claim. AmGuard's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

44. From and after the time Plaintiff's claim was presented to Defendant AmGuard, the liability of AmGuard to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, AmGuard has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. AmGuard's conduct constitutes a breach of the common law duty of good faith and fair dealing.

45. Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

46. As a result of Defendants AmGuard's, TWFG's, Allied's, VeriClaim's, Smith's, Hullman's, and Prislupsky's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing it with respect to these causes of action.

47. Plaintiff's experience is not an isolated case. The acts and omissions AmGuard committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of AmGuard with regard to handling these types of claims. AmGuard's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

Certified Document Number: 86261963 - Page 11 of 23

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST SMITH, HULLMAN, AND PRISLUPSKY

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48.　　Defendants AmGuard, TWFG, Allied, and/or VeriClaims assigned Defendants Smith, Hullman, and Prislupsky to adjust the claim.  Defendants Smith, Hullman, and Prislupsky were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.  During their investigation, the adjusters failed to properly assess Plaintiff's Hurricane Harvey damages.  The adjusters also omitted covered damages from their reports, including all of Plaintiff's interior damages.  In addition, the damages that the adjusters did include in the estimate were severely underestimated.

49.　　Defendants Smith's, Hullman's, and Prislupsky's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

50.　　Defendants Smith, Hullman, and Prislupsky are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of AmGuard, because each is a "person" as defined by TEX. INS. CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor."  TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of

bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

51. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.   Defendants Smith's, Hullman's, and Prislupsky's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(1).

52. Defendants Smith's, Hullman's, and Prislupsky's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(2)(A).

53. Defendants Smith, Hullman, and Prislupsky failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, Defendants failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.   Furthermore, Defendants did not communicate that any future settlements or

Certified Document Number: 86261963 - Page 13 of 23

payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendants Smith, Hullman, and Prislupsky as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54. Defendants Smith's, Hullman's, and Prislupsky's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

55. Defendants Smith, Hullman, and Prislupsky did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to AmGuard. Defendants Smith's, Hullman's, and Prislupsky's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Certified Document Number: 86261963 - Page 14 of 23

### CAUSES OF ACTION AGAINST DEFENDANTS TWFG, ALLIED, AND VERICLAIM

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

56.    Defendants TWFG's, Allied's, and VeriClaim's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

57.    Defendants TWFG's, Allied's, and VeriClaim's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

58.    Defendants TWFG's, Allied's, and VeriClaim's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

59.    Defendants TWFG's, Allied's, and VeriClaim's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS CODE §541.060(a)(3).

60.    Defendants TWFG's, Allied's, and VeriClaim's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of

Certified Document Number: 86261963 - Page 15 of 23

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

61. Defendants TWFG's, Allied's, and VeriClaim's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

62. Plaintiff is not making any claims for relief under federal law.

### FRAUD

63. Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky are liable to Plaintiff for common law fraud.

64. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky knew were false or made recklessly without any knowledge of their truth as a positive assertion.

65. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

66. Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky are liable to Plaintiff for conspiracy to commit fraud. Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky were members of a combination of two or

Certified Document Number: 86261963 - Page 16 of 23

more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky committed an unlawful, overt act to further the object or course of action.  Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST AMGUARD ONLY

67.     Defendant AmGuard is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

68.     Defendant AmGuard's conduct constitutes a breach of the insurance contract made between AmGuard and Plaintiff.

69.     Defendant AmGuard's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of AmGuard's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

70.     Defendant AmGuard's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

71.     Defendant AmGuard's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

Certified Document Number: 86261963 - Page 17 of 23

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

72. Defendant AmGuard's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though AmGuard's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

73. Defendant AmGuard's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

74. Defendant AmGuard's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

75. Defendant AmGuard's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

76.     Defendant AmGuard's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

77.     Defendant AmGuard's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

78.     Defendant AmGuard's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

79.     Defendant AmGuard's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

80.     As referenced and described above, and further conduct throughout this litigation and lawsuit, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky are agents of AmGuard based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

Certified Document Number: 86261963 - Page 19 of 23

81.     Separately, and/or in the alternative, as referenced and described above, AmGuard ratified the actions and conduct of TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

82.     Defendant AmGuard's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

83.     Defendant AmGuard's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, AmGuard knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

84.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

85.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

86.     As previously mentioned, the damages caused by Hurricane Harvey have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants AmGuard's, TWFG's, Allied's, VeriClaim's, Smith's,

Certified Document Number: 86261963 - Page 20 of 23

Hullman's, and Prislupsky's mishandling of Plaintiff's claim in violation of the laws set forth above.

87. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

88. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times its actual damages. TEX. INS. CODE §541.152.

89. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with attorney's fees. TEX. INS. CODE §542.060.

90. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

91. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

92. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore,

Certified Document Number: 86261963 - Page 21 of 23

Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

93.  Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

### WRITTEN DISCOVERY

#### REQUESTS FOR DISCLOSURE

94.  *Plaintiff's Request for Disclosure to Defendant AmGuard Insurance Company* is attached as "Exhibit A."

#### REQUESTS FOR PRODUCTION

95.  *Plaintiff's Request for Production to Defendant AmGuard Insurance Company* is attached as "Exhibit B."

#### INTERROGATORIES

96.  *Plaintiff's First Set of Interrogatories to Defendant AmGuard Insurance Company* is attached as "Exhibit C."

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all

Certified Document Number: 86261963 - Page 22 of 23

costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**MOSTYN LAW**

  _/s/ Michael A. Downey_
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
MADDocketEfile@mostynlaw.com

**ATTORNEY FOR PLAINTIFF**

Certified Document Number: 86261963 - Page 23 of 23



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2019

Certified Document Number:        86261963 Total Pages:  23

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Marilyn Burgess - District Clerk Harris County
Envelope No. 35436477
By: Shanelle Taylor
Filed: 7/25/2019 3:22 PM

EML

COPY OF PLEADING PROVIDED BY PLT

Receipt Number: 852958

Tracking Number: 73648784

CAUSE NUMBER: 201949428

| | |
|---|---|
| PLAINTIFF: HARWIN BRAXTON CENTRE INC | In the 129th Judicial |
| vs. | District Court of |
| DEFENDANT: AMGUARD INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLIED AMERICAN ADJUSTING COMPANY LLC BY SERVING ITS REGISTERED AGENT CT
CORPORATION SYSTEM

350 NORTH ST PAUL STREET SUITE 2900

DALLAS TX 75201

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on July 19, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this July 23, 2019.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: WANDA CHAMBERS

Issued at request of:
Downey, Michael A
3810 W. Alabama St.
Houston, TX  77027
713 714 0000

Bar Number: 24087445

Certified Document Number: 86345040 - Page 1 of 3

Tracking Number: 73648784

CAUSE NUMBER: 201949428

| | |
|---|---|
| PLAINTIFF: HARWIN BRAXTON CENTRE INC | In the 129th |
| vs. | Judicial District Court |
| DEFENDANT: AMGUARD INSURANCE COMPANY | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of
_____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____        _____
                             _____ of _____
County, Texas
_____        By: _____
        Affiant                                  Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

                             _____
                                          Notary Public

## CAUSE NO. 2019-49428

**HARWIN BRAXTON CENTRE, INC.**
**VS.**

**AMGUARD INSURANCE**
**COMPANY, ET AL.**

**IN THE 129TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, **Guy C. Connelly** (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is **Guy C. Connelly** (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

**2701 W. 15th, Plano, TX 75075**

(SERVER'S ADDRESS)

2. ON _7/24/19_ (DATE) AT _11 : 00_ ( _A_ ) M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION EXHIBIT A, B AND C came to hand for delivery to ALLIED AMERICAN ADJUSTING COMPANY, LLC BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM.

3. ON _7/24/19_ (DATE) AT _2:30_ ( _P_ ) M (TIME) - The above named documents were delivered to: ALLIED AMERICAN ADJUSTING COMPANY, LLC BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM by delivering to

_ANTOINETTE WILLIAMS, P.S._

(NAME AND TITLE), authorized agent for service @

**1999 Bryan, Suite 900, Dallas, TX 75201**

(ADDRESS), by CORPORATE Service

SIGNATURE
PSC# _2201_ EXPIRATION: _9/30/20_

**Guy C. Connelly**
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by **Guy C. Connelly** appeared on this _24_ day of _July_, 2019 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2019.07.395409

Anna M. Connelly
My Commission Expires
03/13/2023
ID No. 126022935

Certified Document Number: 86345040 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2019

Certified Document Number:        86345040 Total Pages:   3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

07.395894

7/26/2019 8:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35450064
By: Shanelle Taylor
Filed: 7/26/2019 8:52 AM

EML

COPY OF PLEADING PROVIDED BY PLT

Receipt Number: 852958

Tracking Number: 73648782

CAUSE NUMBER: 201949428

| | |
|---|---|
| PLAINTIFF: HARWIN BRAXTON CENTRE INC | In the 129th Judicial |
| vs. | District Court of |
| DEFENDANT: AMGUARD INSURANCE COMPANY | Harris County, Texas |

### CITATION

THE STATE OF TEXAS
County of Harris

TO: AMGUARD INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN ST SUITE 900

DALLAS TX 75201

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on July 19, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this July 23, 2019.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002


Generated By: WANDA CHAMBERS

Issued at request of:
Downey, Michael A
3810 W. Alabama St.
Houston, TX  77027
713-714-0000

Bar Number: 24087445

Certified Document Number: 86354453 - Page 1 of 3

Tracking Number: 73648782

CAUSE NUMBER: 201949428

| | |
|---|---|
| PLAINTIFF: HARWIN BRAXTON CENTRE INC | In the 129th |
| vs. | Judicial District Court |
| DEFENDANT: AMGUARD INSURANCE COMPANY | of Harris County, Texas |

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of _____, 20_____.

Executed at (address) _____

in _____ County

at _____ o'clock _____. M., on the _____ day of _____, 20 _____,

by delivering to _____ defendant, in person, a true copy of this

Citation together with the accompanying _____ copy(ies) of the _____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____

_____

_____ of _____

County, Texas

_____        By: _____

Affiant                                          Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

_____

Notary Public

Certified Document Number: 86354453 - Page 2 of 3

# CAUSE NO. 2019-49428

**HARWIN BRAXTON CENTRE, INC.**
**VS.**

**IN THE 129TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS**

**AMGUARD INSURANCE**
**COMPANY, ET AL.**

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, *Guy C. Connelly* _____ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _____ *Guy C. Connelly* _____ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

2701 W. 15th, Plano, TX 75075

(SERVER'S ADDRESS)

2. ON *7/24/19* (DATE) AT *11 : 00* ( *A* ) M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION EXHIBIT A, B AND C came to hand for delivery to AMGUARD INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM.

3. ON *7/24/19* (DATE) AT *2:30* ( *P* ) M (TIME) - The above named documents were delivered to: AMGUARD INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM by delivering to

*ANTOINETTE WILLIAMS, P.S.*

(NAME AND TITLE), authorized agent for service @

1999 Bryan, Suite 900, Dallas, TX 75201

(ADDRESS), by CORPORATE Service

SIGNATURE
PSC# *2201* EXPIRATION: *9/30/20*

Guy C. Connelly
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by Guy C. Connelly appeared on this *24* day of *July*, 2019 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2019.07.395394



Anna M. Connelly
My Commission Expires
03/13/2023
ID No. 126022935



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2019

Certified Document Number:        86354453 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

07.395403

7/30/2019 9:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35527233
By: JONATHAN PATTON
Filed: 7/30/2019 9:06 AM

EML

COPY OF PLEADING PROVIDED BY PLT

Receipt Number: 852958

Tracking Number: 73648785

CAUSE NUMBER: 201949428

| | |
|---|---|
| PLAINTIFF: HARWIN BRAXTON CENTRE INC | In the 129th Judicial |
| vs. | District Court of |
| DEFENDANT: AMGUARD INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: VERICLAIM INC BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY (DBA CSC LAWYERS INC)

211 E 7TH STREET SUITE 620

AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on July 19, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this July 23, 2019.



Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: WANDA CHAMBERS

Issued at request of:
Downey, Michael A
3810 W. Alabama St.
Houston, TX 77027
713 714 0000

Bar Number: 24087445

Certified Document Number: 86395979 - Page 1 of 3

Tracking Number: 73648785

CAUSE NUMBER: 201949428

| PLAINTIFF: HARWIN BRAXTON CENTRE INC | In the 129th |
|---|---|
| vs. | Judicial District Court |
| DEFENDANT: AMGUARD INSURANCE COMPANY | of Harris County, Texas |

### OFFICER/AUTHORIZED PERSON RETURN

Came    to    hand    at    _____o'clock    ____.    M.,    on    the    _____    day    of
_____, 20_____.
Executed   at   (address)   _____
in _____ County
at    _____   o'clock    ____.    M.,    on    the    _____    day    of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation    together    with    the    accompanying    _____    copy(ies)    of    the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To   certify   which   I   affix   my   hand   officially   this   _____   day   of
_____, 20 _____.

FEE:  $ _____          _____

                                _____    of    _____

County, Texas
_____          By:  _____
          Affiant                                    Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN    TO    AND    SUBSCRIBED    BEFORE    ME    on    this    _____    of
_____, 20 _____

                                _____
                                          Notary Public

Certified Document Number: 86395979 - Page 2 of 3

## CAUSE NO. 2019-49428

HARWIN BRAXTON CENTRE, INC.
VS.

**IN THE 129TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS**

AMGUARD INSURANCE
COMPANY, ET AL.

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, *Barbara C Stinnett* (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is *Barbara C Stinnett* (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: *P.O. Box 684627, Austin TX 78768*

(SERVER'S ADDRESS)

2. ON *07/24/19* (DATE) AT *10 : 19* (*A*) M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION EXHIBIT A, B AND C came to hand for delivery to VERICLAIM, INC. BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY (DBA CSC LAWYERS, INC.).

3. ON *07/26/19* (DATE) AT *01 : 45* (*P*) M (TIME) - The above named documents were delivered to: VERICLAIM, INC. BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY (DBA CSC LAWYERS, INC.) by delivering to

*Vanessa Hernandez - Designated agent*

(NAME AND TITLE), authorized agent for service @

*211 E. 7th Street, #620, Austin TX 78701*

(ADDRESS), by CORPORATE Service

*Barbara C Stinnett*

SIGNATURE
PSC# *1181*   EXPIRATION: *07/31/20*

*Barbara C Stinnett*

AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by *Barbara C Stinnett* appeared on this *26* day of *July*, 2019 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2019.07.395403

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

Certified Document Number: 86395979 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2019

Certified Document Number:        86395979 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

07-39653971

7/31/2019 10:23 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35569773
By: Shanelle Taylor
Filed: 7/31/2019 10:23 AM

EML

Receipt Number: 852958

COPY OF PLEADING PROVIDED BY PLT

Tracking Number: 73648783

CAUSE NUMBER: 201949428

| | |
|---|---|
| PLAINTIFF: HARWIN BRAXTON CENTRE INC | In the 129th Judicial |
| vs. | District Court of |
| DEFENDANT: AMGUARD INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: TWFG INSURANCE SERVICES LLC (FKA TWFG INSURANCE SERVICES INC) BY SERVING ITS REGISTERED AGENT RICHARD F BUNCH

1201 LAKE WOODLANDS DR SUITE 4020

THE WOODLANDS TX 75201

        Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on July 19, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

        YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

        ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this July 23, 2019.



Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002


Generated By: WANDA CHAMBERS

Issued at request of:
Downey, Michael A
3810 W. Alabama St.
Houston, TX  77027
713 714 0000

Bar Number: 24087445

Certified Document Number: 8641634 - Page 1 of 3

Tracking Number: 73648783

CAUSE NUMBER: 201949428

| | |
|---|---|
| PLAINTIFF: HARWIN BRAXTON CENTRE INC | In the 129th |
| vs. | Judicial District Court |
| DEFENDANT: AMGUARD INSURANCE COMPANY | of Harris County, Texas |

## OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of _____, 20_____.

Executed at (address) _____

in _____ County

at _____ o'clock _____. M., on the _____ day of _____, 20_____

by delivering to _____ defendant,

in person, a true copy of this

Citation together with the accompanying _____ copy(ies) of the _____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____        _____

_____ of _____

County, Texas

_____        By: _____

        Affiant                Deputy

On this day, _____, known to me to be

the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn,

he/she stated that this citation was executed by him/her in the exact manner recited

on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of

_____, 20 _____.

_____

Notary Public

Certified Document Number: 86421634 - Page 2 of 3

CAUSE NUMBER: 2019-49428

HARWIN BRAXTON CENTRE, INC.
PLAINTIFF

VS.

AMGUARD INSURANCE COMPANY, ET
AL.
DEFENDANT

IN THE 129TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS

AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **DOUGLAS GREENE**, personally appeared before me and stated under oath as follows:

My name is **DOUGLAS GREENE**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Tuesday July 23, 2019 AT 02:46 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, B AND C** came to hand for service upon **TWFG INSURANCE SERVICES, LLC (FKA TWFG INSURANCE SERVICES, INC.) BY SERVING ITS REGISTERED AGENT, RICHARD F. BUNCH**.

On **Friday July 26, 2019** at **12:38 PM** - The above named documents were hand delivered to: **TWFG INSURANCE SERVICES, LLC (FKA TWFG INSURANCE SERVICES, INC.) BY DELIVERING TO ITS REGISTERED AGENT, RICHARD F. BUNCH @ 1201 LAKE WOODLANDS DR., SUITE 4020, THE WOODLANDS , TX 77380, in Person.**

**FURTHER AFFIANT SAYETH NOT.**

DOUGLAS GREENE
PSC#11914 EXP 03/31/21

**SWORN TO AND SUBSCRIBED** before me by **DOUGLAS GREENE** appeared on this ___ day of JULY, 2019 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS
2019.07.395397

CLAUDIA LEWIS
Notary Public, State of Texas
Comm. Expires 11-11-2022
Notary ID 125713496



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2019

Certified Document Number:      86421634 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/31/2019 10:31 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35570302
By: Shanelle Taylor
Filed: 7/31/2019 10:31 AM

CAUSE NO. 201949428

COPY OF PLEADING PROVIDED BY PLT

EML                                                                         RECEIPT No: 852958

                                                                            TRACKING #: 73648787

| | |
|---|---|
| Plaintiff: HARWIN BRAXTON CENTRE INC | In The 129th |
| | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: AMGUARD INSURANCE COMPANY | |
| | Houston, Texas |

## CITATION – NON RESIDENT

**THE STATE OF TEXAS**
**County of Harris**

To:    **SMITH, THOMAS N**
       306 KLISPIE DR
       PUNTA GORDA FL 33950

       Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on 7/19/2019, in the above cited cause number and court. The instrument attached
describes the claim against you.

       **YOU HAVE BEEN SUED.**   You may employ an attorney.  If you or your attorney do not file a written
answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration
date of 20 days after you were served this citation and petition, a default judgment may be taken against you.
       This citation was issued on  July 23, 2019, under my hand and seal of said court.

Issued at the request of:
Downey, Michael A
3810 W. Alabama St.
Houston, TX  77027
713-714-0000

Bar Number: 24087445

*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: WANDA CHAMBERS

Certified Document Number: 86421659 - Page 1 of 3

Tracking Number: 73648787

**CAUSE NUMBER: 201949428**

| | |
|---|---|
| PLAINTIFF: HARWIN BRAXTON CENTRE INC | In the 129th |
| vs. | Judicial District Court of |
| DEFENDANT: AMGUARD INSURANCE COMPANY | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock \_\_\_. M. On the _____ day of _____, 20\_\_\_\_\_.
Executed at

(Address)_____
_____ in _____ County at o'clock \_\_\_. M. On the _____ day of
_____, 20 \_\_\_\_\_, by

Delivering to _____defendant, in person, a true copy of this
Citation together with the accompanying _____ copy (ies) of the _____. Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____,
20\_\_.

Fees $_____

_____ AFFIDAVIT By_____
      Affiant      ATTACHED                Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that
this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20\_\_\_.

_____
             Notary Public

Certified Document Number: 86421659 - Page 2 of 3

NO. 2019-49428

| | | |
|---|---|---|
| HARWIN BRAXTON CENTRE, INC. | § | |
| | § | |
| VS. | § | IN THE 129TH JUDICIAL DISTRICT COURT OF |
| | § | HARRIS COUNTY, TEXAS |
| AMGUARD INSURANCE COMPANY, ET AL. | § | |

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, *Owen R. Youngblood* (Process Server), personally appeared on this __30__ day of ___July___, 2019 and stated under oath as follows:

1. My name is *Owen R. Youngblood* (server). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

Youngblood Process Service
~~P.O. Box 51-1312~~
Punta Gorda, FL. 33951-1312
**(SERVER'S ADDRESS)**

2. ON __July 23, 2019__ (DATE) AT __2 : 29__ ( P )M (TIME) ,CITATION - NON RESIDENT, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, B AND C came to hand for delivery to **THOMAS N. SMITH.**

3. ON __July 29, 2019__ (DATE) AT __9 : 15__ ( A ) M (TIME) The above named documents were hand delivered to: **THOMAS N. SMITH** AT:

__306 Klispie Dr.   Punta Gorda, FL 33950__
**(ADDRESS)**, in Person, in accordance to Rule 108 TRCP.

FURTHER AFFIANT SAYETH NOT.

_____
**SERVER'S SIGNATURE**

__Owen R. Youngblood__
**SERVER'S PRINTED NAME**

SWORN TO AND SUBSCRIBED before me by *Owen R. Youngblood* (server) appeared on this __30__ day of ___July___, 2019 to attest witness my hand and seal of office.

_____
**NOTARY PUBLIC IN AND**
**FOR THE STATE OF** __Florida__

Notary Public State of Florida
Patrick D Mcginnis
My Commission GG 129055
Expires 11/24/2021

2019.07.395412

Certified Document Number: 86421659 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2019

Certified Document Number:      86421659 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/6/2019 12:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35729174
By: Shanelle Taylor
Filed: 8/6/2019 12:34 PM

CAUSE NO. 201949428

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No: 852958

EML

TRACKING #: 73648790

Plaintiff: HARWIN BRAXTON CENTRE INC

In The 129th
Judicial District Court of
Harris County, Texas

vs.

Defendant: AMGUARD INSURANCE COMPANY

Houston, Texas

## CITATION – NON RESIDENT

**THE STATE OF TEXAS**
**County of Harris**

To:   **PRISLUPSKY, PAUL A**
      829 SPRUCE ST
      OLYPHANT PA 18447

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on 7/19/2019, in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.
This citation was issued on  July 23, 2019, under my hand and seal of said court.

Issued at the request of:
Downey, Michael A
3810 W. Alabama St.
Houston, TX  77027
713-714-0000

Bar Number: 24087445

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: WANDA CHAMBERS

Certified Document Number: 86515654 - Page 1 of 3

Tracking Number: 73648790

**CAUSE NUMBER: 201949428**

| | |
|---|---|
| **PLAINTIFF: HARWIN BRAXTON CENTRE INC** | **In the 129th** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: AMGUARD INSURANCE COMPANY** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M. On the _____ day of _____, 20_____.
Executed at

(Address)_____
_____ in _____ County at o'clock ____. M. On the _____ day of _____, 20 _____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the _____. Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20__.

Fees $_____

_____          By_____

            Affiant          AFFIDAVIT ATTACHED                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20___.

                                                    _____
                                                                  Notary Public

Certified Document Number: 86515654 - Page 2 of 3

NO. 2019-49428

| | | |
|---|---|---|
| HARWIN BRAXTON CENTRE, INC. | § | |
| | § | |
| | § | |
| VS. | § | IN THE 129TH JUDICIAL DISTRICT COURT OF |
| | § | HARRIS COUNTY, TEXAS |
| AMGUARD INSURANCE COMPANY, ET AL. | § | |

### AFFIDAVIT OF SERVICE

**BEFORE ME**, the undersigned authority, _Brian Duffy_ (Process Server), personally appeared on this _30th_ day of _July_, 2019 and stated under oath as follows:

1. My name is _Brian Duffy_ (server). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

_107 N. Apple St. Dunmore, PA 18512_
**(SERVER'S ADDRESS)**

2. ON _7/25/19_ (DATE) AT _8 : 55_ (A)M (TIME) ,CITATION - NON RESIDENT, **PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, B AND C** came to hand for delivery to **PAUL A. PRISLUPSKY**.

3. ON _7/27/19_ (DATE) AT _3 : 55_ (P) M (TIME) The above named documents were hand delivered to: **PAUL A. PRISLUPSKY** AT:

_829 Spruce Street Olyphant, PA 18447_
**(ADDRESS)**, in Person, **in accordance to Rule 108 TRCP**.

**FURTHER AFFIANT SAYETH NOT.**

_Brian Duffy_
**SERVER'S SIGNATURE**

_Brian Duffy_
**SERVER'S PRINTED NAME**

**SWORN TO AND SUBSCRIBED** before me by _Brian Duffy_ (server) appeared on **this** _30th_ day of _July_, 2019 to attest witness my hand and seal of office.

_Thomas J Miller_
**NOTARY PUBLIC IN AND**
**FOR THE STATE OF** _PA_

2019.07.395421

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
THOMAS J MILLER SR
Notary Public
DUNMORE BORO, LACKAWANNA COUNTY
My Commission Expires Mar 18, 2021

Certified Document Number: 86515654 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   August 23, 2019

Certified Document Number:        86515654 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/16/2019 3:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36040305
By: Lisa Thomas
Filed: 8/16/2019 3:21 PM

## CAUSE NO. 2019-49428

| | | |
|---|---|---|
| **HARWIN BRAXTON CENTRE, INC.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **AMGUARD INSURANCE COMPANY,** | § | |
| **TWFGINSURANCE SERVICES, LLC** | § | |
| **FIK/A TWFG INSURANCE SERVICES,** | § | |
| **INC., ALLIED AMERICAN ADJUSTING** | § | |
| **COMPANY, LLC, VERICLAIM, INC.,** | § | |
| **THOMAS N. SMITH, STEVEN M.** | § | |
| **BULLMAN, AND PAUL A. PRISLUPSKY,** | § | |
| | § | |
| *Defendants.* | § | **129TH JUDICIAL DISTRICT** |

### DEFENDANT VERICLAIM, INC.'S ORIGINAL ANSWER

Defendant VERICLAIM, INC. ("Defendant") files its Original Answer to the Petition of HARWIN BRAXTON CENTRE, INC. ("Plaintiff"), in support thereof, respectfully shows as follows:

### I.     GENERAL DENIAL

1.      Under Rule 92 of the Texas Rules of Civil Procedure, Defendant asserts a general denial to the entirety of Plaintiff's Original Petition, and any supplemental or amended petitions, and each and every allegation, claim, and/or cause of action asserted in those petitions.  Defendant respectfully requests the Court and Jury require Plaintiff's to prove its claims, charges and allegations by a preponderance of the evidence and/or clear and convincing evidence according to the Constitutions of the State of Texas and the United States and the laws, regulations, and statutes of the State of Texas and the United States.

## II.    <u>AFFIRMATIVE DEFENSES</u>

2.      Without waiving the foregoing, and for further answer, if any be necessary, Defendant, as set forth below, asserts the following conjunctive and/or alternative defenses:

3.      Plaintiff's damages, if any, are the result of acts and/or omissions, fault, negligence, breach of contract, violation of statute, and/or breach of duty, by or of persons, entities, and/or parties over whom Defendant has no control and for whom Defendant has no legal responsibility. Such acts and/or omissions were the sole cause, sole proximate cause, producing cause, or a new and independent intervening or superseding cause of the alleged injuries to Plaintiff.

4.      Plaintiff's damages, if any, are the result, in whole or in part, of Plaintiff's own fault, acts and/or omissions, negligence, breach of duty, violation of statute, and/or breach of contract or that of its agents or representatives or employees.

5.      Defendant is entitled to submit issues of proportionate fault and/or proportionate causation in accordance with the Texas Civil Practice & Remedies Code for the percentage of responsibility assigned to each by the trier of fact.

6.      Defendant is not in privity of contract with Plaintiff and denies that it breach any contract or violated any statutory or common law duty owed to Plaintiff.

7.      Defendant denies that it violated the Texas Insurance Code.

8.      Defendant did not engage in unfair settlement practices.

9.      Defendant pleads the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case.

10.      Defendant denies that it caused confusion or misunderstanding, that it made false or misleading statements that it misrepresented or failed to disclose any material information related to this matter, or that it engaged in any unconscionable course of conduct.

11. Plaintiff failed to exercise reasonable care to avoid and mitigate the damages it seeks to recover herein, which damages Defendant disputes, and accordingly, Defendant is not liable for any damages that could and should have been avoided or mitigated.

12. Plaintiff's claims and the damages it seeks are barred because Plaintiff has failed to comply with or satisfy conditions precedent.

13. Plaintiff's extra-contractual claims are barred because its contract claims are barred.

14. Defendant denies it committed fraud. Defendant further denies it engaged in a conspiracy to commit fraud.

15. In the event Plaintiff has any damages, which is expressly denied, Plaintiff has the burden of allocating between covered and uncovered perils and damages.

16. Defendant denies that it owes Plaintiff the amounts claimed and, thus, any payment from Defendant to Plaintiff was and/or would constitute unjust enrichment.

17. Defendant invokes its rights under the Due Process Clause and Equal Protective Clause of the Fourteenth Amendment of the United States Constitution and affirmatively pleads that Plaintiff's pleading for punitive damages and/or exemplary damages is violative of the Fourteenth Amendment. Further, Defendant affirmatively pleads that the assessment and award of punitive damages is violative of the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amendment of the United States Constitution, in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process. Accordingly, Defendant invokes its rights under the Eighth and Fourteenth Amendments and respectfully requests that this Court disallow any award of punitive and/or exemplary damages in as much as an award in this case would be violative of Defendant's constitutional rights. Defendant further invokes its rights under the Fifth Amendment, as applied

Certified Document Number: 86692261 - Page 3 of 5

through the Fourteenth Amendment to the United States Constitution, wherein it reads in part "No person shall be . . . deprived of . . . property without due process of law. . ."

18.    Defendant specifically pleads that any award of punitive damages must be supported by clear and convincing evidence.

19.    Without waiving the foregoing and for further answer, if any be necessary, Defendant reserves the right to amend its answer to Plaintiff's allegations in accordance with the Texas Rules of Civil Procedure and/or other applicable law.

### III.    JURY DEMAND

20.    Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby makes a demand for a jury trial in this cause.  A jury fee is being paid simultaneously with the filing of this demand.

### IV.    RULE 193.7 NOTICE

21.    Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant gives actual notice to Plaintiff that any and all documents produced may be used against Plaintiff as the party producing the documents at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.  *See* Tex. R. Civ. P. 193.7.

### V.    REQUEST FOR DISCLOSURES

22.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff is requested to disclose to Defendant, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l).  *See* Tex. R. Civ. P. 194.2.

### V.    PRAYER

Defendant prays that Plaintiff takes nothing by reason of this suit, that Defendant be released, discharged and found not liable to Plaintiff, that the parties pay their own costs, and for

such other and further relief, both general and special, at law and in equity, to which Defendant is justly entitled.

Respectfully submitted,

SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP

By: _/s/ Bruce R. Wilkin_____
     Bruce R. Wilkin
     Texas Bar No. 24053549
     bwilkin@shackelford.law
     Tim Redden Jr.
     State Bar No. 24099654
     tredden@shackelford.law
     717 Texas Ave, 27th Floor
     Houston, Texas 77002
     Tel:  832-415-1801
     Fax:  832-415-1095

**ATTORNEYS FOR DEFENDANT VERICLAIM INC.**

## CERTIFICATE OF SERVICE

I certify that on the 16th day of August, 2019, a copy of the foregoing document was forwarded to all counsel listed below pursuant to the Texas Rules of Civil Procedure.

Michael A Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
MADDocketEfile@mostynlaw.com

*Counsel for Plaintiff*

/s/ Bruce R. Wilkin_____
Bruce Wilkin



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2019

Certified Document Number:      86692261 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/19/2019 9:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36061277
By: JONATHAN PATTON
Filed: 8/19/2019 9:49 AM

Certified Document Number: 86703310 - Page 1 of 4

## CAUSE NO. 2019-49428

| | | |
|---|---|---|
| **HARWIN BRAXTON CENTRE, INC.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **AMGUARD INSURANCE COMPANY,** | § | |
| **TWFG INSURANCE SERVICES, LLC** | § | |
| **F/K/A TWFG INSURANCE SERVICES,** | § | |
| **INC., ALLIED AMERICAN ADJUSTING** | § | |
| **COMPANY, LLC, VERICLAIM, INC.,** | § | **129th JUDICIAL DISTRICT** |
| **THOMAS N. SMITH, STEVEN M.** | § | |
| **HULLMAN, AND PAUL A. PRISLUPSKY** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

---

### DEFENDANTS AMGUARD INSURANCE COMPANY AND PAUL A. PRISLUPSKY'S ORIGINAL ANSWER

---

Defendants AmGUARD Insurance Company and Paul A. Prislupsky (collectively, "Defendants") file this Original Answer to Plaintiff's Original Petition (the "Petition") filed by Plaintiff Harwin Braxton Centre, Inc., and respectfully show the Court as follows:

### I.    GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, allegation set forth in the Petition and demands strict proof thereof.

### II.    AFFIRMATIVE AND OTHER DEFENSES

In addition to their general denial above, and without assuming the burden of proof thereon, Defendants assert the following defenses:

1.      Plaintiff's claims are barred, in whole or in part, because any loss incurred by Plaintiff was the result of a risk or cause within an exception and/or exclusion to coverage under the applicable insurance policy (the "Policy").

2.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with all conditions precedent to recovery.

3.      Plaintiff's claims are barred, in whole or in part, because any loss or damage allegedly suffered by Plaintiff was caused, in whole or in part, by Plaintiff's own conduct, acts, and/or omissions.

4.      Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its damages, if any.

5.      Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

6.      Plaintiff's attorney's fees are not recoverable, reasonable, or necessary, and are barred, in whole or in part, by Plaintiff's failure to make a demand or Plaintiff's making of an excessive demand.

7.      Plaintiff's claims are barred, in whole or part, by the doctrine of bona fide dispute.

8.      Plaintiff's claims are, or may be in the future, barred, in whole or in part, by Section 542A.006 of the Texas Insurance Code.

**III.     AMGUARD'S SECTION 542A.006 ELECTION OF LEGAL RESPONSIBILITY**

9.      As allowed under Texas Insurance Code § 542A.006(a), AmGUARD hereby provides written notice that it accepts whatever liability Prislupsky might have to Plaintiff, if any, for Prislupsky's acts or omissions related to the claims at issue.

10.     As a result of AmGUARD's election pursuant to Tex. Ins. Code § 542A.006, all claims against Prislupsky should be dismissed with prejudice.

Certified Document Number: 86703310 - Page 2 of 4

**IV.    PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that upon final hearing hereof, judgment be rendered that Plaintiff take nothing by its suit and Defendants be granted all relief, general and special, to which they may be justly entitled.

Respectfully submitted,

**LOCKE LORD LLP**

By:/s/ Susan A. Kidwell
    Susan A. Kidwell
    skidwell@lockelord.com
    State Bar No. 24032626
    Sagar Patel
    sagar.patel@lockelord.com
    State Bar No. 24088195
    2800 JPMorgan Chase Tower
    600 Travis Street
    Houston, Texas 77002
    (713) 226-1200 (Telephone)
    (713) 223-3717 (Facsimile)

*Attorneys for Defendants AmGUARD Insurance Company and Paul A. Prislupsky*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document was served on August 19, 2019, as indicated below to the following and to each counsel of record registered with the e-filing system:

Michael A. Downey
**MOSTYN LAW**
maddocketefile@mostynlaw.com
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
Phone: 713-714-0000
Fax: 713-714-1111

***Attorney for Plaintiff***
***Harwin Braxton Centre, Inc.***

/s/ Sagar Patel
Sagar Patel

Certified Document Number: 86703310 - Page 4 of 4



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2019

Certified Document Number:      86703310 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/19/2019 9:57 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36061769
By: JONATHAN PATTON
Filed: 8/19/2019 9:57 AM

## CAUSE NO. 2019-49428

| | | |
|---|---|---|
| **HARWIN BRAXTON CENTRE, INC.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **AMGUARD INSURANCE COMPANY,** | § | |
| **TWFG INSURANCE SERVICES, LLC** | § | |
| **F/K/A TWFG INSURANCE SERVICES,** | § | |
| **INC., ALLIED AMERICAN ADJUSTING** | § | |
| **COMPANY, LLC, VERICLAIM, INC.,** | § | **129th JUDICIAL DISTRICT** |
| **THOMAS N. SMITH, STEVEN M.** | § | |
| **HULLMAN, AND PAUL A. PRISLUPSKY** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

---

### AMGUARD INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY FOR PAUL A. PRISLUPSKY

---

As allowed under Texas Insurance Code § 542A.006(a), Defendant AmGUARD Insurance Company ("AmGUARD") here provides written notice that it accepts whatever liability Defendant Paul A. Prislupsky might have to Plaintiff, Harwin Braxton Centre, Inc. ("Plaintiff") for Defendant Prislupsky's acts or omissions related to the claims at issue.

Because AmGUARD has accepted liability for Defendant Prislupsky—and is providing written notice of such election to Plaintiff pursuant hereto—Plaintiff cannot sustain a claim against Defendant Prislupsky and, therefore, the Court "shall dismiss the action against [Defendant Prislupsky] with prejudice." *See* TEX. INS. CODE § 542A.006(a).

WHEREFORE, AmGUARD prays that the claims against Defendant Prislupsky be dismissed with prejudice.

Certified Document Number: 86703612 - Page 1 of 2

1

Respectfully submitted,

**LOCKE LORD LLP**

By:/s/ Susan A. Kidwell
    Susan A. Kidwell
    skidwell@lockelord.com
    State Bar No. 24032626
    Sagar Patel
    sagar.patel@lockelord.com
    State Bar No. 24088195
    2800 JPMorgan Chase Tower
    600 Travis Street
    Houston, Texas 77002
    (713) 226-1200 (Telephone)
    (713) 223-3717 (Facsimile)

    *Attorneys for Defendants AmGuard*
    *Insurance Company and Paul A. Prislupsky*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served on August 19, 2019, as indicated below to the following and to each counsel of record registered with the e-filing system:

Michael A. Downey
**MOSTYN LAW**
maddocketefile@mostynlaw.com
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
Phone: 713-714-0000
Fax: 713-714-1111
*Attorney for Plaintiff*
*Harwin Braxton Centre, Inc.*

      /s/ Sagar Patel
      Sagar Patel

Certified Document Number: 86703612 - Page 2 of 2

2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2019

Certified Document Number:      86703612 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/19/2019 9:57:24 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36061769
By: PATTON, JONATHAN R
Filed: 8/19/2019 9:57:24 AM

CAUSE NO. 2019-49428

| | | |
|---|---|---|
| **HARWIN BRAXTON CENTRE, INC.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **AMGUARD INSURANCE COMPANY,** | § | |
| **TWFG INSURANCE SERVICES, LLC** | § | |
| **F/K/A TWFG INSURANCE SERVICES,** | § | |
| **INC., ALLIED AMERICAN ADJUSTING** | § | |
| **COMPANY, LLC, VERICLAIM, INC.,** | § | **129th JUDICIAL DISTRICT** |
| **THOMAS N. SMITH, STEVEN M.** | § | |
| **HULLMAN, AND PAUL A. PRISLUPSKY** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

---

**ORDER DISMISSING PAUL A. PRISLUPSKY WITH PREJUDICE
PURSUANT TO TEXAS INSURANCE CODE § 542A.006(A)**

---

As allowed under Texas Insurance Code § 542A.006(a), Defendant AmGUARD Insurance Company ("AmGUARD") has accepted whatever liability Defendant Paul A. Prislupsky might have to Plaintiff, Harwin Braxton Centre, Inc. ("Plaintiff") for Defendant Prislupsky's acts or omissions related to the claims at issue in this lawsuit. AmGUARD has provided written notice of that election to Plaintiff. Therefore, the Court "shall dismiss the action against [Defendant Prislupsky] with prejudice." *See* TEX. INS. CODE § 542A.006(a).

**ORDERED**, that Defendant AmGUARD has accepted what liability Defendant Prislupsky might have to Plaintiff in this lawsuit; and therefore, all claims asserted by Plaintiff against Defendant Prislupsky are hereby DISMISSED WITH PREJUDICE.

**SO ORDERED.**

Certified Document Number: 86703613 - Page 1 of 2

Signed this _____ day of _____, 2019.

_____

HONORABLE JUDGE PRESIDING

Certified Document Number: 86703613 - Page 2 of 2

2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2019

Certified Document Number:      86703613 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/23/2019 11:25 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36223651
By: JONATHAN PATTON
Filed: 8/23/2019 11:25 AM

CAUSE NO. 2019-49428

| | | |
|---|---|---|
| HARWIN BRAXTON CENTRE, INC. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | |
| TWFG INSURANCE SERVICES, LLC f/k/a | § | |
| TWFG INSURANCE SERVICES, INC., | § | |
| ALLIED AMERICAN ADJUSTING COMPANY, | § | |
| LLC, VERICLAIM, INC., THOMAS N. SMITH, | § | |
| STEVEN M. HULLMAN, and PAUL A. | § | |
| PRISLUPSKY | § | 129TH JUDICIAL DISTRICT |

**DEFENDANTS ALLIED AMERICAN ADJUSTING COMPANY, LLC AND
<u>THOMAS N. SMITH'S ORIGINAL ANSWER</u>**

TO THE HONORABLE COURT:

Defendants Allied American Adjusting Company, LLC and Thomas N. Smith

("Defendants") file this Original Answer to Plaintiff's Original Petition and respectfully shows

the Court as follows:

## I.

### <u>General Denial</u>

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny

each and every allegation in Plaintiff's Original Petition and any amendments and/or

supplements subject thereto. Defendants respectfully request that Plaintiff be required to prove

the charges and allegations against Defendants by a preponderance of the evidence as is required

by the Constitution and the laws of the State of Texas.

## II.

### <u>Right to Amend/Supplement</u>

Defendants reserve the right to amend this Answer as needed under the Texas Rules, the

agreement of the parties, and/or any scheduling or docket control order entered by the district

court.

## III.

### Request for Disclosure

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff is requested to disclose to Defendants, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l).  *See* Tex.R.Civ.P. 194.2.

### Prayer

WHEREFORE, Defendants Allied American Adjusting Company, LLC and Thomas N. Smith pray that this matter be dismissed with prejudice, and that Plaintiff, Harwin Braxton Centre, Inc., take nothing by reason of its allegations made against Defendants, and that Defendants recover their costs, together with such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

**WINGET, SPADAFORA & SCHWARTZBERG, LLP**

By:  */s/ Martin S. Schexnayder*
         Martin S. Schexnayder
         State Bar No. 17745610
         Farnaz Pishgazadeh
         State Bar No. 24110625
         Two Riverway, Suite 725
         Houston, Texas  77056
         Telephone:  713-343-9200
         Facsimile:  713-343-9201
         Schexnayder.M@wssllp.com
         Pishgazadeh.F@wssllp.com

**COUNSEL FOR DEFENDANTS
ALLIED AMERICAN ADJUSTING
COMPANY, LLC AND THOMAS N. SMITH**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been duly and properly served upon all counsel herein in accordance with the Texas Rules of Civil Procedure, on this the ~~22nd~~ 23RD day of August, 2019.

Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, TX  77027

Bruce R. Wilkin
Tim Redden, Jr.
Shackelford, Bowen, McKinley & Norton, LLP
717 Texas Ave., 27th Floor
Houston, TX  77002

Susan Kidwell
Sagar Patel
Locke Lord LLP
2800 JPMorgan Chase Tower
600 Travis St.
Houston, TX  77002

/s/ Martin S. Schexnayder
Martin S. Schexnayder

Certified Document Number: 86791945 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2019


Certified Document Number:      86791945 Total Pages:  3


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**