United States District Court
Southern District of Texas
**ENTERED**
February 18, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HARWIN BRAXTON | § | CIVIL ACTION NO. |
| CENTRE INC, | § | 19-cv-03175 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| AMGUARD | § | |
| INSURANCE | § | |
| COMPANY, *et al,* | § | |
| Defendants. | § | |

**ORDER**

Before the Court is a motion by Plaintiff Harwin Braxton Centre Inc to remand this action to state court. Dkt 17. Also before the Court is a motion to dismiss by Defendant TWFG Insurance Services LLC under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 4. The Court heard oral argument on these competing motions.

Upon consideration, the Court finds that Harwin Braxton improperly joined TWFG to defeat diversity jurisdiction. The Court dismisses TWFG without prejudice and denies Harwin Braxton's motion to remand.

1.   Background

The devastation brought by Hurricane Harvey to the Gulf Coast of Texas has not surprisingly resulted in many litigated insurance-coverage disputes. Some belong in federal court. Others do not. It is a question of subject-matter jurisdiction.

Harwin Braxton's case is before this Court on assertion of diversity jurisdiction. It is a Texas corporation. So is Defendant TWFG Insurance Services LLC. All of the other defendants are

foreign entities or citizens of other states. Dkt 1-1 at ¶¶ 2–10. Diversity jurisdiction does not exist if TWFG is a proper defendant. But this Court has jurisdiction if TWFG is not viably part of this lawsuit.

Harwin Braxton's complaint pleads as follows.

Defendant AmGuard Insurance Company provided commercial property insurance to Harwin Braxton. Harwin Braxton presented a claim to AmGuard asserting that winds from Hurricane Harvey damaged the roofs of its buildings, letting in storm water and heavily damaging its buildings. Id at ¶¶ 22–26.

Harwin Braxton later sued AmGuard for underpayment of its claim. It also sued TWFG along with Allied American Adjusting Company LLC and VeriClaim Inc. Without differentiation in its complaint, Harwin Braxton pleads that AmGuard assigned "TWFG and/or Allied and/or VeriClaim" to adjust the claim. Id at ¶ 27.

Harwin Braxton also sued three individuals—Defendants Thomas Smith, Steven Hullman, and Paul Prislupsky. It alleges that one or more of them undertook the actual adjustment process. It is unclear which of them did so, and Harwin Braxton avoids specifying their employer. Id at ¶¶ 27–30.

Whoever adjusted Harwin Braxton's claim ultimately recommended coverage for the roof damage but not for the interior damage. AmGuard made insurance payments in that respect only. Id at ¶¶ 30, 32. And so, this lawsuit.

Harwin Braxton alleges that AmGuard, TWFG, and the other defendants together "set out to deny and/or underpay on properly covered damages." Id at ¶ 32. Without specification, it also alleges that "AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence." Id at ¶¶ 36, 45.

Harwin Braxton brings an array of causes of action against distinct groups of defendants:

- o Unfair settlement practices under the Texas Insurance Code against Smith, Hallman, and Prislupsky, see id at ¶¶ 48–55;

- o Unfair settlement practices under the Texas Insurance Code separately against TWFG, Allied, and VeriClaim, see id at ¶¶ 56–61;

- o Fraud and conspiracy to commit fraud against TWFG and all other defendants, see id at ¶¶ 62–66; and

- o Violations of the Texas Insurance Code, breach of contract, and breach of the duty of good faith and fair dealing solely against AmGuard, see id at ¶¶ 67–83.

Harwin Braxton makes no singular reference to TWFG other than when naming it as a defendant and alleging personal jurisdiction. See id at ¶¶ 4, 13. As to any conduct at issue, Harwin Braxton only references TWFG together with other defendants by *and* or *and/or* reference. See id at ¶¶ 27, 32, 36–40, 45–46, 48, 56–61, 64, 66, 80, 86. And Harwin Braxton nowhere identifies any person as acting on behalf of TWFG.

AmGuard removed the case to federal court based on diversity of citizenship. See 28 USC § 1332(a). It asserted on removal that Harwin Braxton improperly joined TWFG to thwart federal court jurisdiction. Dkt 1. TWFG also filed its own motion to dismiss for failure to state a claim. Dkt 4.

Harwin Braxton moved to remand, arguing that diversity of citizenship exists on the face of the pleadings. Dkt 17. AmGuard responded that Harwin Braxton had no plausible causes of action against TWFG, who should be dismissed, thus preserving diversity jurisdiction. Dkt 20.

## 2. Legal Standard

A federal court must dismiss without prejudice an improperly joined party. *International Energy Ventures Management LLC v United Energy Group Ltd*, 818 F3d 193, 209 (5th Cir 2016). A court may not dismiss with prejudice as the improper joinder "inquiry just considers whether the claims against the nondiverse party *would have* survived if jurisdiction were not a bar, not whether such claims *did* survive." Id at 210 (emphasis in original).

3

A defendant can demonstrate improper joinder in one of two ways. One is to establish "actual fraud in the pleading of jurisdictional facts." *Smallwood v Illinois Central Railroad Co*, 385 F3d 568, 573 (5th Cir 2004). *Actual fraud* in this regard requires the movant to show that the plaintiff has concealed or knowingly made false representations regarding a party's citizenship or the amount in controversy. See *Cantor v Wachovia Mortgage FSB*, 641 F Supp 2d 602, 607 (ND Tex 2009). AmGuard makes no such assertion here.

The other way is to establish the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court," akin to procedure under Rule 12(b)(6). *Smallwood*, 385 F3d at 573. This requires the movant to show "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Ibid. The federal pleading standard—not the Texas state court standard—applies to improper joinder. *International Energy Ventures*, 818 F3d at 204.

"Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F3d at 573. The Fifth Circuit instructs district courts to follow typical motion practice under Rule 12(b)(6) and "focus on the complaint." *Mumfrey v CVS Pharmacy Inc*, 719 F3d 392, 401 (5th Cir 2013). But further, "where a complaint states a claim that satisfies 12(b)(6), but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Ibid (quotations and citations omitted).

The Court addresses below the extent to which it finds summary inquiry appropriate here.

3.   Analysis

Many cases related to Hurricane Harvey are winding their way through the Southern District of Texas. Courts noted even before that disaster that "the joinder of a local claims adjuster in a Texas state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has become a popular tactic." *Lopez v United Property*

*& Casualty Insurance Co*, 197 F Supp 3d 944, 949 (SD Tex 2016) (quotations and citations omitted).

Harwin Braxton names TWFG on causes of action for unfair settlement practices under the Texas Insurance Code, common law fraud, and conspiracy to commit fraud. Dkt 1-1 at 19–21. It pleads none of those causes of action solely against TWFG. Instead, it pleads all of them generically, lumping TWFG in with AmGuard, Allied, VeriClaim, and the individual defendants as a group.

The Court pressed Harwin Braxton's counsel at hearing to state specifically what, exactly, the complaint alleges TWFG did as part of the course of conduct at issue. Counsel conceded that Harwin Braxton and TWFG had no contractual relationship. Beyond this, counsel made only conclusory assertion that TWFG was involved in the claims-handling process. Counsel was unable to specify any actual involvement by TWFG, stating only that the original petition laid out TWFG's role in the case.

a)   Claim under the Texas Insurance Code

Harwin Braxton alleges five violations of the Texas Insurance Code in its complaint as pertinent to TWFG. Dkt 1-1 at 56–61. These govern unfair settlement practices in various forms. See Tex Ins Code § 541.060(a)(1), (2)(A), (3), (4), and (7). What TWFG specifically said or did as to each violation is left unstated.

Insurance adjusters are potentially liable for malfeasance under Texas insurance law. For example, see *Smith v Travelers Home and Marine Insurance Co,* 2017 WL 5501031 (SD Tex). "But for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." *Messersmith v Nationwide Mutual Fire Insurance Co*, 10 F Supp 3d 721, 724 (ND Tex 2014).

Summary inquiries on assertion of improper joinder are limited and "appropriate only to identify the presence of discrete and undisputed facts." *Smallwood*, 385 F3d at 573. The Fifth Circuit has identified certain "prototypical cases." One is where

an alleged in-state doctor defendant did not actually treat the plaintiff patient. Another is where an alleged in-state pharmacist defendant did not actually fill a prescription for the plaintiff patient. See *Cumpian v Alcoa World Alumina LLC*, 910 F3d 216, 221 (5th Cir 2018), citing *Smallwood*, 385 F3d at 574 n 12.

The parallels are obvious, given the complaint's lack of specificity as to TWFG and its conduct. The question is whether Harwin Braxton has "misstated or omitted discrete facts that would determine the propriety of joinder." *Mumfrey*, 719 F3d at 401. More concretely, did TWFG undertake the adjustment process at issue? The Court finds that this binary, dispositive question presents a situation appropriate to summary inquiry.

Harwin Braxton would place the burdens of applicable Texas law on TWFG by alleging that TWFG is "a domestic adjusting company engaged in the business of adjusting insurance claims." Dkt 1-1 at ¶ 4. Harwin Braxton also broadly claims in its complaint that "AmGuard assigned Defendants TWFG *and/or* Allied *and/or* VeriClaim to adjust the claim." Id at ¶ 27 (emphasis added). But it makes no specific allegation of fact to establish that TWFG was the actual adjuster *in this case*. Harwin Braxton also identifies by name three defendants—Thomas Smith, Steven Hullman, and Paul Prislupsky—at least one of whom undertook the adjusting work at issue. Dkt 1-1 at ¶ 27. But it nowhere alleges that TWFG employed or had any connection to these individuals. And at hearing, Harwin Braxton's counsel was unable to specify any facts supporting its claim that TWFG was involved in the claims-handling process in any way.

TWFG contests any connection. It provided a sworn declaration that it "is not in the business of adjusting or settling insurance claims." Dkt 4-2 at 1. Its counsel at hearing flatly and without equivocation affirmed this. On inquiry by the Court, Harwin Braxton's counsel put forward no evidence or supported allegation to the contrary.

Harwin Braxton does say that AmGuard is the party who designated the adjuster for its claim. Dkt 1-1 at ¶ 27. But AmGuard provided a sworn declaration that it hired VeriClaim for this purpose. Dkt 20-1 at 1. AmGuard further specified that

TWFG's only involvement was as the selling agent on the policy, well prior to any of the events at issue. Ibid. Again, Harwin Braxton put forward no evidence or supported allegation to the contrary.

The Court finds on summary inquiry that TWFG was not the adjuster assigned to Harwin Braxton's claim. Any contrary conclusion would mean that unsupported say-so by a party is enough, in every instance, to destroy federal jurisdiction. That is not the law. See generally *Cuevas v BAC Home Loans Servicing LP*, 648 F3d 242, 250 (5th Cir 2011).

Because TWFG was not the adjuster, Harwin Braxton cannot hold it liable under the cited sections of the Texas Insurance Code. The cause of action against TWFG for unfair settlement practices under the Texas Insurance Code fails.

b)  Claim for fraud

Rule 9 of the Federal Rules of Civil Procedure sets strict pleading requirements for fraud: "A party must state with particularity the circumstances constituting fraud or mistake." *Technomedia International Inc v International Training Services Inc*, 2010 WL 3545662, *4 (SD Tex). Mere "recitation of the elements of fraud" is not enough to state a plausible claim with particularity under Rule 9. Id at *7.

The plaintiff must instead "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v WMX Technologies Inc*, 112 F3d 175, 177 (5th Cir 1997). "Put simply, Rule 9(b) requires the complaint to set forth the 'who, what, when, where, and how' of the events at issue." *Dorsey v Portfolio Equities Inc*, 540 F3d 333, 339 (5th Cir 2008), quoting *ABC Arbitrage Plaintiffs Group v Tchuruk*, 291 F3d 336, 350 (5th Cir 2002).

As to fraud, Harwin Braxton alleges without specification that "AmGuard, TWFG, Allied, VeriClaim, Smith, Hullman, and Prislupsky misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the

damage was caused by a covered occurrence." Dkt 1-1 at ¶¶ 36, 45. No particular statement is quoted or paraphrased.

This provides no notice of *what* was said. And it provides no notice of *who* said it. More pertinent to the pending motions, Harwin Braxton makes no specific allegation that TWFG said anything at all. And counsel at hearing articulated no specific communication from TWFG.

The *when*, the *where*, and the *how* are equally absent. Harwin Braxton makes no allegations as to the particular circumstances or timing of any statement by TWFG, its location, or the method of communication.

The closest the complaint comes to specifics is reference to a single letter by Prislupski, who allegedly misrepresented that no indication existed that wind or other weather event caused damage to Harwin Braxton's roof. Id at ¶ 30. But the complaint avoids specifying who employed Prislupski or otherwise directed him to send the letter. As such, it lacks the particularity required by Rule 9 to connect it to TWFG.

The complaint's failures of specificity as to TWFG's role in any fraud are fatal to its claim. For example, see *Mt Olive Missionary Baptist Church v Underwriters at Lloyd's London*, 2016 WL 4494439, *4 (SD Tex), and *Serna v US Bank NA*, 2014 WL 108732, *3–4 (SD Tex).

The cause of action against TWFG for fraud fails.

### c)   Claim for conspiracy to commit fraud

Harwin Braxton's cause of action for conspiracy to commit fraud is derivative of its fraud claim. For example, see *Edwards v Certain Underwriters at Lloyds*, 2010 WL 5391275, *3 (SD Tex). The pleading standard is thus equivalent: "[A] plaintiff alleging a conspiracy to commit fraud must 'plead with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy.'" *United States ex rel Grubbs v Kanneganti*, 565 F3d 180, 193 (5th Cir 2009), quoting *FC Investment Group LC v IFX Markets Ltd*, 529 F3d 1087, 1097 (DC Cir 2008).

Harwin Braxton does nothing more than plead the elements of civil conspiracy as factual assertions. It claims that TWFG was

part "of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means." And it claims that TWFG "committed an unlawful, overt act to further the object or course of action." Dkt 1-1 at ¶ 66. Compare *Wingert v DeVoll*, 2010 WL 3271744, *6 (Tex App—Austin petition denied), citing *Massey v Armco Steel Co*, 652 SW2d 932, 934 (Tex 1983): "A civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means."

Harwin Braxton fails to plead with particularity either the conspiracy at issue or the overt acts taken to further it. The claim is dismissed. The cause of action against TWFG for conspiracy to commit fraud fails.

### 4.   Repleading and Rule 11

*Improper joinder* was previously known in this circuit as *fraudulent joinder*, which nomenclature changed only over strong dissent. *Smallwood*, 385 F3d at 585 (Smith dissenting). But whether deemed *improper* or *fraudulent*, it suggests that the limits of Rule 11 may be near.

Harwin Braxton's filings on these issues raise concerns in this regard. As one example, it states in response to TWFG's motion to dismiss that TWFG "does not deny that it was involved in the adjustment of Plaintiff's claim." Dkt 16 at 4; see also Dkt 17 at 6 (same assertion in motion to remand). But attached to TWFG's motion to dismiss is its original answer in state court prior to removal. Dkt 4-2. TWFG's verification page made statement upon oath that it "is not liable in the capacity in which it has been sued insofar as defendant is not in the business of adjusting or settling insurance claims." Id at 3.

As another example, both of Harwin Braxton's filings convert the *and* and *and/or* references to TWFG in its complaint to specific and unequivocal assertion zeroing in on TWFG alone as the adjuster undertaking certain conduct in the claims-handling process. See Dkt 16 at 7; Dkt 17 at 89. But as discussed above, Harwin Braxton's counsel had not a single piece of evidence at hearing to support any factual assertion against TWFG.

The Court will permit Harwin Braxton to seek leave to amend its complaint with respect to its allegations against TWFG. In doing so, its counsel should consider not simply the requirements of Rules 8 and 12, but also those of Rule 11.

5. Conclusion

TWFG is DISMISSED without prejudice. Harwin Braxton may seek leave to amend its complaint as to allegations against TWFG by March 4, 2020.

The Court finds TWFG's motion to dismiss MOOT, as the Court has no jurisdiction over TWFG. Dkt 4.

The Court DENIES the motion to remand by Harwin Braxton. Dkt 17.

SO ORDERED.

Signed on February 18, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge